IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-mj-00139-STV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GABRIEL LEAL.,

    Defendant.

_____

**ORDER OF DETENTION**
_____

THIS MATTER came before me for a detention hearing on August 16, 2023. The government requested detention in this case. The defendant contested the request for detention. Both sides presented argument. I have considered the Pretrial Services Report, arguments of counsel, 13 letters of support from the defendant's family and friends,[1] and the entire docket. At the hearing's conclusion, I issued an oral detention order. *See Minute Entry* [Dkt. #12]. This Order memorializes that ruling.

### I.    BACKGROUND

Defendant is charged by Criminal Complaint with one count of attempted coercion or enticement of a minor in violation of 18 U.S.C. § 2422(b). Two different state criminal proceedings are pending in Pueblo County District Court for related conduct. In both cases, bond was set but has not been posted. Because the defendant had been in Pueblo County Jail, a Writ of Habeas Corpus Ad Prosequendum [Dkt. # 11] was issued to bring

---

[1] The letters of support are filed under Level 1 restriction, which permits access by the Court and the parties. *See* Dkt. # 13.

Defendant before this Court for proceedings in the above-captioned matter. Specifically, the writ commanded the United States Marshal for the District of Colorado to bring Defendant before this Court "to appear for proceedings in the above-referenced and pending case; and to hold said Defendant at all times in your custody as an agent of the United States of America; that immediately after the conclusion of the proceedings and final disposition of the above-entitled case . . . you shall return the Defendant to the institution where he was confined[.]" *Id*. at 1-2.

## II.     THE DECISION TO HOLD A DETENTION HEARING

First, I address the propriety of holding a detention hearing and whether the Bail Reform Act, 18 U.S.C. §§ 3141-3150, applies to the defendant, who had been confined in the Pueblo County Jail and appeared on a Writ of Habeas Corpus Ad Prosequendum [Dkt. #11].

At the hearing's outset, the government argued that the Bail Reform Act does not apply because the Act pertains to "arrested person[s]" and the defendant has been confined at Pueblo County Jail. In support, the government relies on *United States v. Rodriguez-Palacios*, No. 19-cr-00010-CMA, 2019 WL 4954642 (D. Colo. Oct. 7, 2019). In that decision, the court reasoned that the Bail Reform Act does not apply to a person appearing on a writ of habeas corpus ad prosequendum because the individual is not an "arrested person" under the Bail Reform Act. 2019 WL 4954642, at *4. The court also concluded that the writ of habeas corpus independently mandates federal detention because it "requires the government to hold [the defendant] in temporary custody on behalf of the state (which retains primary custody) until the completion of [the defendant's]

2

federal case." *Id*. The parties acknowledge that the Tenth Circuit Court of Appeals has not directly addressed whether the Bail Reform Act applies to a person appearing before the Court under a writ of habeas corpus ad prosequendum, however.

In response, Defendant argued that, in the interest of judicial economy, a detention hearing should be held to obviate the need for a later detention hearing if Defendant posts bond in the state cases. The government conceded this point. Accordingly, in the interest of judicial economy, I proceeded with a detention hearing.

### III.   DETENTION ORDER ANALYSIS

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.  18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense proscribed by 18 U.S.C. § 3142(e)(3), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  The criminal complaint—which was signed by Magistrate Judge Scott T. Varholak upon a finding of probable cause—alleges the defendant violated 18 U.S.C. § 2422(b), which triggers the presumption of detention.  18 U.S.C. § 3142(e)(3)(E).

The presumption favoring detention can be rebutted; however, even if rebutted, the congressionally mandated presumption remains a factor to consider in assessing whether there is any condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community.  *See United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

>  (1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>  (2)   the weight of the evidence against the person;
>
>  (3)   the history and characteristics of the person including–
>
>>  (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>>  (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>  (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: The defendant is alleged to have used social media to meet a real 13-year-old girl and had sex with her twice. The defendant is also alleged to have used social media to engage with other minor girls—or girls he believed were minors—to send them obscene photographs and videos of himself and to solicit them for sex. Though the defendant's mother is willing to serve as a third-party custodian, the criminal complaint alleges that the defendant used his mother's car—without his mother's knowledge—to meet someone he believed was a minor to have sex. Additionally, the defendant has a history of desertion, or abandonment of his military duty or post without permission, which resulted in an administrative discharge in lieu of facing a court-martial. Further, the defendant faces the prospect of lifetime sex offender registration and a lengthy sentence.

Based on this record, the Court finds that there are no conditions or combination of conditions that the Court can impose to reasonably assure the safety of the community and the defendant's appearance as required.   Accordingly,

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: August 21, 2023					BY THE COURT:

							Kathryn A. Starnella
							United States Magistrate Judge